Frank Zorrilla, hoy Alfredo Nazario, Secretario del Trabajo de Puerto Rico, en representación y para beneficio de la trabajadora Antonia Román Fuentes, peticionaria, *v.* Tribunal Superior de Puerto Rico, Sala de San Juan, Hon. A. D. Marchand Paz, Juez, demandado.

*Número:* C-65-73    *Resuelto:* 2 de febrero de 1966

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Hernández Matos, Rigau y Dávila.

—O—

Voto separado de los Jueces Asociados Señores Rigau y Dávila

San Juan, Puerto Rico, a 2 de febrero de 1966

Estamos de acuerdo con la sentencia que se ha dictado en este caso. Pero creemos que, en el mejor interés público y en el mejor interés de la administración de la justicia en Puerto Rico, es útil que se hagan manifestaciones adicionales.

El presente caso representa una anomalía que debemos señalar para reprobarla. La acción a que se contrae este caso fue incoada en octubre de 1961 al amparo de una legislación que establece un procedimiento de carácter "sumario" para tramitar este tipo de reclamaciones. Este Tribunal ha dicho que el propósito primordial de ese procedimiento sumario es acelerar el proceso y la decisión del pleito.

En 1961 el Secretario del Trabajo de Puerto Rico, en representación de la trabajadora peticionaria, radicó la presente demanda contra un abogado en reclamación de $129.30 por concepto de salarios, más la suma que provee la ley como penalidad. Aunque la parte demandante recibió copia de una contestación a la demanda, el Tribunal no recibió el original de la misma y en 27 de diciembre de 1962—¡hace tres años! —una sala del Tribunal de Distrito concedió al demandado un término de 10 días para que radicase en el Tribunal el original de su contestación a la demanda. No lo hizo.

En enero de 1965 la parte demandante radicó una moción solicitando que se dictara sentencia sumaria en su favor. A dicha moción acompañó las declaraciones juradas necesarias "de las cuales surge claramente el derecho de la trabajadora a las sumas reclamadas," como expresa la sentencia de este Tribunal.

A pesar de que el demandado no contestó la moción sobre sentencia sumaria el Tribunal de Distrito se negó a dictar sentencia, contra el abogado demandado y a favor de la demandante, no obstante ser su deber hacerlo. Regla 36.5 de Procedimiento Civil.

Al ver su caso y la ley derrotados en el Tribunal de Distrito la parte demandante, actuando dentro de ley, solicitó del Tribunal Superior que mediante *certiorari* revisara los procedimientos habidos en el Tribunal de Distrito. A pesar de lo dispuesto en la antes citada regla y de lo dispuesto en el Art. 4 de la ley para estos casos provista, 32 L.P.R.A. sec. 3121 (en el sentido de que si el querellado no radica su contestación dentro del término de ley "el juez dictará sentencia contra el querellado, a instancia del querellante, y concediendo el remedio solicitado") el Tribunal Superior resolvió en 22 de junio de 1965 no haber lugar a la expedición del auto de *certiorari* solicitado.

La sentencia que hemos expedido revoca esa resolución del Tribunal Superior y ordena que se devuelva el caso a dicho Tribunal para que expida el auto solicitado y resuelva lo que corresponda.

El estudio del expediente completo del caso nos lleva a creer que la actitud del Tribunal de Distrito al negarse a dictar sentencia, así como la del Tribunal Superior al negarse a revisar esa actuación, puede que haya respondido en no pequeña medida a la circunstancia de que el demandado es miembro de la profesión legal. Si ésa fuese la situación, baste decir que esta consideración es extraña al deber de adjudicación imparcial de las controversias que tienen los

tribunales. Ante los tribunales y ante la ley todas las personas deben recibir igual trato. Sería impropio desatender esa norma elemental y básica por consideraciones de un equivocado compañerismo, que no sólo contraviene la buena administración de la justicia sino que en realidad perjudicaría, de subsistir, a toda la digna profesión legal. Instamos a todos los compañeros Jueces y abogados a evitar que casos como éste ocurran.